UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHON ANTHONY,

    Petitioner,

v.

KEN CLARK,

    Respondent.

Case No. 21-cv-00569-HSG

**ORDER TO SHOW CAUSE**

Petitioner, an inmate at California State Prison – Corcoran, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 4.

**BACKGROUND**

According to the petition, on or about January 12, 2013, Petitioner was sentenced to life without parole after being convicted by an Alameda County jury of murder with special circumstances. Dkt. No. 1 at 1-2; Dkt. No. 1-3 at 12, 14. Petitioner unsuccessfully appealed his conviction to the state appellate court, and the California Supreme Court denied his petition for review. Dkt. No. 1 at 3. Petitioner does not report having filed any state habeas petition. Dkt. No. 1 at 3. Petitioner reports that he is currently seeking resentencing pursuant to Senate Bill 620.[1] Dkt. No. 1 at 3. The instant action was commenced on or about January 25, 2021. ECF No. 1.

//

---

[1] If Petitioner's resentencing proceedings are ongoing, the Court must abstain from interfering with ongoing state court proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

In the petition, when asked to state his claim for relief, Petitioner states: "See Attached Argument." Dkt. No. 1 at 5. Attached to the petition are what appears to be the table of contents for the petition for review submitted to the California Supreme Court; the June 19, 2019 denial of the petition for review by the California Supreme Court; the state appellate court decision affirming his conviction with some modifications; the full petition for review submitted to the California Supreme Court; and Petitioner's opening brief appealing his conviction to the California Court of Appeal. The Court presumes that Petitioner seeks to raise the same claims that he raised in the petition for review submitted to the California Supreme Court. However, three of those claims are joinder in claims raised by his co-defendants: joinder in *Batson-Wheeler* arguments; joinder in rap lyrics arguments; and "joinder in other arguments," explained as "join[ing] in all other arguments raised in any of the co-defendants' petitions applicable to him under the circumstances of the case," Dkt. No. 1-3 at 51; Dkt. No. 1-4 at 1. But Petitioner has not provided his co-defendants' petitions. The Court therefore cannot determine what arguments were raised by Petitioner's co-defendants. The petition for review does provide some detail for the claim arising out of the rap lyrics arguments, and the appellate opening brief provides some detail for *Batson-Wheeler* claim. Accordingly, the Court has found below that Petitioner has stated a cognizable claim with respect to the admission of the rap lyrics and a cognizable *Batson-Wheeler* claim. However, the Court can only consider the arguments set forth in either the petition for review or the appellate opening brief because these are the only documents in the record. The

United States District Court
Northern District of California

Court cannot consider any additional arguments made by Petitioner's co-defendants in support of these two claims, if any additional arguments were made. Similarly, because co-defendants' petitions are not in the record, the Court does not know what "other arguments" Petitioner is joining in and attempting to raise in this action, and thus cannot consider those arguments in this action.

Liberally construed, the petition appears to state the following cognizable claims for federal habeas relief: (1) submission of an unauthorized natural and probable consequences theory of first-degree murder liability (*Chiu* error) violated Petitioner's rights under the Due Process Clause and his Sixth Amendment to a jury determination of every element of the offense; (2) the failure to apply S.B. 1437's abrogation of the "natural and probable consequences" theory of murder liability violated the Sixth Amendment; (3) the admission of Petitioner's May 18th statement to Oakland police violated *Miranda*; (4) the admission of Officer John Cunnie's testimony violated the Confrontation Clause; (5) the trial court committed instructional error with respect to the second-degree murder verdicts when the jury was instructed with a felony-murder escape rule and was not instructed on the lesser included offense of involuntary manslaughter; and trial counsel was ineffective when he failed to request involuntary manslaughter instructions; (6) prosecutorial misconduct; (7) the prosecutor's peremptory strikes of African-American jurors violated Petitioner's federal constitutional right to a jury drawn from a representative cross-section of the community and to equal protection (*Batson-Wheeler* claim); (8) evidentiary error when the trial court admitted a CD of rap music found in the car and admitted rap lyrics found on his co-defendants' phones, some of which referred specifically to Petitioner; and (9) cumulative error. *See generally* Dkt. No. 5. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

If Petitioner intended to raise claims in addition to the claims found cognizable above or arguments in support of these claims that were not presented in his state appellate court brief or his petition for review, such as claims or arguments raised by his co-defendants, Petitioner must file an amended petition that clearly sets forth each claim and its supporting arguments. Petitioner

should not incorporate an argument by reference or by joinder. An amended petition generally constitutes waiver of any omitted claims that had been presented in prior petitions. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008). Thus, the filing of a new petition cancels out and waives any claims from the old petition. *Id.* Accordingly, in filing an amended petition, in addition to stating any new claims or arguments, Petitioner must also set forth the claims already found cognizable above and the arguments proffered in support of these claims that have been presented in the current petition.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 3/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge