UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON ANTHONY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARCUS POLLARD,<br><br>　　　　　Respondent. | Case No. 21-cv-00569-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION DUE TO ONGOING STATE COURT PROCEEDINGS; DENYING CERTIFICATE OF APPEABILITY**<br><br>Re: Dkt. No. 10 |

Petitioner, a state prisoner incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is Respondent's motion to dismiss the petition without prejudice due to ongoing state court proceedings. Dkt. No. 10. Petitioner has not filed an opposition, and the deadline to do so has passed.[2] For the reasons set forth below, the Court GRANTS the motion to dismiss.

**BACKGROUND**

An Alameda County jury found Petitioner and three co-defendants guilty of one count of first degree murder, two counts of second degree murder, and two counts of vehicular evasion of a peace officer. The jury also found true the gang and multiple murder special circumstances and

---

[1] The Clerk of the Court is directed to substitute Warden Marcus Pollard in place of the previously named respondent because Warden Pollard is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).
[2] Petitioner's opposition was originally due on July 19, 2021. *See* Dkt. No. 7, 10. The Court granted Petitioner's request for an extension of time to September 7, 2021 to file his opposition. Dkt. No. 12. A copy of this order was sent to Plaintiff's last known address at Richard J. Donovan Correctional Facility on August 10, 2021.

the firearm enhancement allegations, all related to the first-degree murder. *People v. Anthony*, 244 Cal. Rptr. 3d 499, 510 (Cal. Ct. App. 2019). The trial court sentenced Petitioner to life without possibility of parole, consecutive to 55 years to life, and stayed the 20 year sentence for vehicular evasion. *Id.*

On March 8, 2019, the California Court of Appeal affirmed the judgment in a partially published opinion, but remanded the matter to the trial court to give it the opportunity to exercise its discretion to consider whether to strike the enhancement for the use of a firearm. *Anthony*, 244 Cal. Rptr. 3d at 545-46. On June 19, 2019, the California Supreme Court denied review. Dkt. No. 10, Ex. 1.

On April 15, 2020, Petitioner filed a motion to dismiss the murder charges pursuant to Cal. Penal Code § 1170.95. Dkt. No. 10, Ex. 2.

On January 25, 2021, Petitioner filed the present petition in federal district court. Dkt. No. 1.

On April 9, 2021, the trial court declined to exercise its discretion regarding the imposition of a consecutive 25 years to life enhancement for the use of a firearm; denied the Cal. Penal Code § 1170.95 motion; and issued an amended judgment. Dkt. No. 10, Ex. 3. On May 11, 2021, Petitioner filed a notice of appeal. Dkt. No. 10, Ex. 4. Petitioner's appeal remains pending.

**DISCUSSION**

Respondent argues that the Court must dismiss this petition pursuant to the *Younger* abstention principle. The *Younger* abstention principle provides that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect

2

of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

Respondent argues that *Younger* abstention is appropriate here for the following reasons. First, Respondent argues that *Younger* applies through state appellate proceedings related to a state court judgment, such as Petitioner's currently pending state appellate proceedings, citing to *Huffman v. Pursue, Ltd.*, 420 U.S, 592, 608 (1975), and *Gilberston v. Albright*, 381 F.3d 965, 969 n.1 (9th Cir. 2004) (en banc). Second, Respondent argues that the amendment of the April 16, 2021 abstract resulted in a new judgment under which Petitioner is in custody, citing to *Magwood v. Patterson*, 561 U.S. 320 338-39 (2010), and *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012). Third, Respondent argues that Petitioner's current state appellate proceedings implicate the important state interest in administering state criminal prosecutions free of federal interference. Fourth, Respondent argues that Petitioner will have a chance to raise constitutional challenges in state court and that state courts have a primary responsibility to protect constitutional rights under the federal habeas system. Finally, Respondent argues that the relief requested in this action would have the practical effect of enjoining the ongoing state court proceedings. Dkt. No. 10. Respondent notes that there is no evidence of bad faith, harassment, or extraordinary circumstances that would counsel against *Younger* abstention. Dkt. No 11.

The Court agrees that *Younger* abstention is appropriate here.

First, state proceedings are ongoing. State proceedings are ongoing if they are initiated before any proceedings of substance on the merits have taken place in federal court. *Nationwide Biweekly Administration, Inc. v.* Owen, 873 F.3d 716, 728 (9th Cir. 2017). Here, a separate state proceeding was initiated when Petitioner filed a motion to dismiss the murder charges pursuant to Cal. Penal Code § 1170.95. That state proceeding is currently before the state appellate court. As Respondent correctly notes, the rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Huffman*, 420 U.S. at 607-11 (*Younger* abstention applies to prevent federal intervention in state judicial proceeding in which losing litigant has not yet exhausted his state appellate remedies); *see also Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 223 (9th Cir.

1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Second, state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (holding that federal bankruptcy court should not invalidate results of state criminal proceedings).

Third, the state proceedings afford Petitioner adequate opportunity to raise the constitutional issues in that he is not precluded from raising the same challenges to the amended judgement that he raised to challenge the original judgment or that he has raised here.

Finally, the practical effect of granting habeas relief in this action would interfere with the ongoing state court proceedings in that it would imply the invalidity of the conviction and require this Court to make findings about whether the underlying trial violated Petitioner's constitutional rights. *See also Phillips v. Neuschmid*, C No. 19-cv-03225 RGK, 2019 WL 6312573, at *2 (C.D. Cal. Oct. 18, 2019) (listing cases in which federal courts abstained under *Younger* because of ongoing resentencing proceedings in state court).

Because *Younger* abstention is appropriate, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED. Dkt. No. 10. The dismissal is without prejudice to Petitioner filing a new petition when all state court proceedings arising out of the resentencing are concluded. Petitioner is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Once the state court proceedings are concluded, Petitioner should not delay in returning to federal court with any new petition.

### III.    Certificate of Appealability

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the reasons set forth above, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED, Dkt. No. 10, and a certificate of appealability is DENIED. The instant petition is DISMISSED without prejudice to filing a new petition when all state court proceedings are concluded. Petitioner is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Once the state court proceedings are concluded, Petitioner should not delay in returning to federal court with any new petition.

The Clerk shall enter judgment in favor of Respondent and against Petitioner, and close the case. All pending motions are denied as moot.

This order terminates Dkt. No. 10.

**IT IS SO ORDERED.**

Dated: 10/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge